UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

ROBERT SCHUG,
on behalf of himself and
all others similarly situated,

      Plaintiff,

  v.

D&K DELIVERY, INC.
1669 Brighton Beach Road
Menasha, Wisconsin 54952

      Defendant

Case No. 20-cv-387

**COLLECTIVE AND CLASS ACTION COMPLAINT PURSUANT TO 29 U.S.C. §216(b) AND FED. R. CIV. P. 23**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1. This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Robert Schug, on behalf of himself and all other similarly situated current and former Driver employees of Defendant, D&K Delivery, Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendant, D&K Delivery, Inc., is headquartered in Menasha, Wisconsin, and is a transportation company.

3. Defendant operated (and continues to operate) an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former Driver employees at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the FLSA and WWPCL.

4. Defendant's failure to compensate its Driver employees for compensable work performed each workweek at an overtime rate of pay for hours worked in excess of forty (40) in a workweek, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

8. Defendant is a Menasha, Wisconsin-based company with a principal office address of 1669 Brighton Beach Road, Menasha, Wisconsin 54952.

9. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant owned, operated, and managed a separate physical location, located at 953 Lawton Place, De Pere, Wisconsin 54115.

10. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant contracted with Federal Express ("FedEx") to deliver FedEx packages from FedEx's Green Bay, Wisconsin and/or Oshkosh, Wisconsin terminals to individuals and entities locally and exclusively within the State of Wisconsin.

11. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant employed Drivers, such as Plaintiff, to deliver FedEx packages from FedEx's Green Bay, Wisconsin and/or Oshkosh, Wisconsin terminals to individuals and entities locally and exclusively within the State of Wisconsin.

12. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

13. For purposes of the FLSA, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

14. Plaintiff, Robert Schug, is an adult male resident of the State of Wisconsin residing at 501 Wilson Street, Little Chute, Wisconsin 54140.

15. Plaintiff's Notices of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

16. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as a Driver delivering FedEx packages from FedEx's Green Bay, Wisconsin and/or Oshkosh, Wisconsin terminals to individuals and entities locally within the State of Wisconsin.

17. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked alongside and/or performed similar job duties as other Driver employees delivering FedEx packages from FedEx's Green Bay, Wisconsin and/or Oshkosh, Wisconsin terminals to individuals and entities locally within the State of Wisconsin.

18. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff performed compensable work in the State of Wisconsin as a Driver at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge.

19. Plaintiff brings this action on behalf of himself and all other similarly-situated current and former Driver employees who work at, worked at, and/or were employed by Defendant within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff and all other current and former Driver employees were subject to Defendant's same unlawful compensation policies and practices as enumerated herein.

20. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former Driver employees on whose behalf they bring this Complaint performed compensable work in the same or similarly-titled positions subject to Defendant's same unlawful compensation policies and practices as enumerated herein at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge.

21. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's day-to-day activities and the day-to-day activities of all other Driver employees.

22. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and suspended Plaintiff and all other Driver employees.

23. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance and the work performance of all other Driver employees.

24. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the work rules, policies, and procedures by which Plaintiff and all other Driver employees abided in the workplace.

25. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant controlled the terms and conditions of Plaintiff's employment and the employment of all other Driver employees.

26. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's work schedule and the work schedules of all other Driver employees.

27. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's and all other Driver employees' compensation structure.

28. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other Driver employees with work assignments and hours of work.

## GENERAL ALLEGATIONS

29. In approximately August 2017, Plaintiff commenced employment with Klubertanz Delivery, Inc. in the position of Driver.

30. In approximately June 2019, Defendant purchased Klubertanz Delivery, Inc., and Plaintiff and all other Driver employees became employees of Defendant.

31. Plaintiff is still currently employed by Defendant in the position of Driver.

32. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other Driver employees with a day rate, in addition to various monetary bonuses, for hours worked and work performed each work day.

33. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not compensate Plaintiff and all other Driver employees with an hourly rate of pay for hours worked and work performed each work day.

34. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not compensate Plaintiff and all other Driver employees with a trip rate or pursuant to a delivery payment plan for hours worked and work performed each work day.

35. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant and all other Driver employees were non-exempt employees for purposes of the FLSA and WWPCL.

36. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and in their Driver positions, Plaintiff and all other Driver employees delivered or transported FedEx packages from FedEx's Green Bay, Wisconsin and/or Oshkosh, Wisconsin terminals to individuals and entities locally within the State of Wisconsin.

37. On a daily basis during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Driver employees performed compensable work at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge.

38. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Driver employees regularly worked in excess of forty (40) hours per workweek.

39. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other Driver employees frequently worked in excess of forty (40) hours per workweek.

40. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other Driver employees on a bi-weekly basis via check.

41. Upon information and belief and during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Saturday through Friday.

42. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Driver employees were non-union employees of Defendant.

43. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Driver employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of failing to compensate said employees with overtime pay for hours worked in excess of forty (40) hours in a workweek, in violation of the FLSA and WWPCL.

44. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other Driver employees' primary job duty was to deliver or transport FedEx packages locally and exclusively within the State of Wisconsin.

45. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the FedEx packages that Plaintiff and all other Driver employees delivered or transported locally were to final destinations locally and exclusively within the State of Wisconsin.

46. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the transportation involved in Plaintiff's and all other Driver employees' job duties was not in interstate commerce.

47. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Driver employees could not, in the regular course of their employment with Defendant, reasonably have been expected to make an interstate journey or trip.

48. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant could not, in the regular course of employment, request or require Plaintiff and/or any of its other Driver employees to deliver or transport packages across state lines and/or outside of the State of Wisconsin.

49. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other Driver employees delivered FedEx packages from FedEx's Green Bay, Wisconsin and/or Oshkosh, Wisconsin terminals to individuals and entities within a predetermined and define (local) geographical territory exclusively within the State of Wisconsin.

50. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other Driver employees with overtime pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

51. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew and/or was aware that its pay policies and practices failed to compensate Plaintiff and all other Driver employees with overtime pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

52. Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All Driver employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at an overtime rate of pay.

53. Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

54. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant, as a matter of policy and practice, denied overtime compensation to the FLSA Collective at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

55. The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

56. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

57. Plaintiff and the FLSA Collective are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

58. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

59. Defendant was or should have been aware that its unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

60. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available

from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

61. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## **RULE 23 CLASS ALLEGATIONS - WISCONSIN**

62. Plaintiff brings this action on behalf of himself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> All Driver employees employed by Defendant within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at an overtime rate of pay.

63. The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

64. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over thirty (30) members of the Wisconsin Class.

65. Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All of the members of the Wisconsin Class were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

66. Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

67. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

68. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

69. Defendant has violated the WWPCL regarding payment of regular wages and overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

70. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Class is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin

Class to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed to pay Plaintiff and the Wisconsin Class at an overtime rate of pay for hours worked each workweek in excess of forty (40); and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

71. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime Wages
### (Plaintiff on behalf of himself and the FLSA Collective)

72. Plaintiff, on behalf of himself and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

73. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

74. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

75. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

76. Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

77. Defendant violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. By failing to compensate the FLSA

Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

78. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

79. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

80. Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

81. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint,

plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

82. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime Wages
### (Plaintiff, on behalf of himself and the Wisconsin Class)

83. Plaintiff, on behalf of himself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

84. At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

85. At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

86. At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

87. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

88. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class regular wages and overtime compensation.

89. Throughout the Wisconsin Class Period, Defendant maintained and perpetrated an unlawful compensation practice that failed to compensate Plaintiff and the Wisconsin Class at an overtime rate of pay for all work performed in excess of forty (40) hours each workweek, in violation of the WWPCL.

90. Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the WWPCL.

91. As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

92. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former Driver employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Driver employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated Driver employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated Driver employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiff and all other similarly-situated Driver employees with other relief that the Court deems just and equitable.

**PLAINTIFF DEMAND A JURY AS TO ALL TRIABLE ISSUES**

Dated this 11th day of March, 2020

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com